1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FRANK SHAMBLIN, individually and          No.  2:23-cv-00605-DJC-AC
     on behalf of all other similarly situated
12   individuals,

13                      Plaintiff,             ORDER GRANTING MOTION TO COMPEL
                                               ARBITRATION
14         v.

15   ANDY FRAIN SERVICES, INC.;
     COHESIVE NETWORKS 2, INC.; and
16   DOES 1 to 100,

17                      Defendants.

18

19

20        Plaintiff Frank Shamblin brings a putative class action against Defendants Andy

21   Frain Services, Inc. ("Andy Frain Services") and Cohesive Networks 2, Inc. ("Cohesive"),

22   along with 100 Doe Defendants, alleging six causes of actions for violations of

23   California's Labor Codes, a "collective action" for violations of the Fair Labor

24   Standards Act, and a derivative action under California's Unfair Competition Law.

25   Andy Frain Services moves to compel arbitration of Plaintiff's individual claims, and to

26   stay Plaintiff's representative, class, and collective action claims that are not waived by

27   the arbitration agreement.  For the reasons set forth below, the Court GRANTS Andy

28

                                             1

1  Frain Services, Inc.'s Motion to Compel Arbitration and Stay Proceedings Pending

2  Arbitration (ECF No. 3) and DISMISSES Plaintiff's remaining claims.

3                                    **BACKGROUND**

4         Plaintiff worked for Defendant Andy Frain Services from January 2022 until

5  September 26, 2022.  (*See* Mem. of P. and A. in Supp. of Andy Frain Services's Mot. to

6  Compel Arbitration and Stay Proceedings Pending Arbitration (ECF No. 3-1) at 2

7  ("Motion" or "Mot.").)  Plaintiff and the other class members worked as security guards

8  for Andy Frain Services.  (*See* Class and Collective Action Compl. (ECF No. 1-4) ¶ 6

9  ("Complaint" or "Compl."); Mot. at 1.)

10        Although Andy Frain Services hired and employed Plaintiff and other class

11 members, Andy Frain Services used Cohesive, a "Professional Employer

12 Organization[,]" to "handle[ ] Andy Frain Services, Inc.'s human resources and

13 administrative functions, including onboarding, payroll, benefits, workers'

14 compensation, and training."  (Mot. at 2 (citing Decl. of Patricia Tonoff in Supp. of

15 Andy Frain Services's Mot. (ECF No. 3-3) ¶¶ 2–4 ("Tonoff Declaration" or "Tonoff

16 Decl.").)  As explained by Andy Frain Services's Director of Human Resources, Patricia

17 Tonoff, every Andy Frain Services employee completes an application and

18 onboarding process "through its career site system" that requires an employee to

19 proceed to a secondary website "[o]nce the decision to hire is established[,]" where

20 the employee "creates their own unique log-in and password and is considered an

21 employee conditioned upon the completion of the mandatory onboarding

22 documents and any required background screening."  (*Id.* ¶ 3.)  Based on Director

23 Tonoff's review of Andy Frain Services's human resources system and records, Plaintiff

24 applied for a position on January 5, 2022, was extended an employment offer on

25 January 8th, and created his unique log-on credentials and password for the system

26 and electronically signed the employment agreement on January 11th.  (*Id.* ¶ 5 (citing

27 Tonoff Decl. Ex. A (ECF No. 3-3 at 4–6) (the "Agreement") (providing a copy of the

28 signed Agreement)).)

1    Plaintiff filed the Complaint in San Joaquin County Superior Court on February

2  14, 2023.  (*See* Mot. at 2; Compl. at 10.)  Andy Frain Services removed the case to

3  federal court on March 30, 2023.  (*See* ECF No. 1.)  Andy Frain Services then moved to

4  compel arbitration on April 6, 2023.  (*See* Mot.)  Plaintiff filed the Opposition on April

5  20, 2023 and Andy Frain Services filed its Reply on May 1, 2023.  (*See* Pl.'s Opp'n to

6  Andy Frain Services's Mot. (ECF No. 6) ("Opposition" or "Opp'n"); Andy Frain

7  Services's Reply to Pl.'s Opp'n to Andy Frain Services's Mot. (ECF No. 7) ("Reply").)

8  The matter is now fully briefed.

9                                    **DISCUSSION**

10  **I.    Legal Standard**

11    The Federal Arbitration Act ("FAA") governs arbitration agreements.  9 U.S.C.

12  § 2.  The FAA affords parties the right to obtain an order directing that arbitration

13  proceed in the manner provided for in the agreement.  9 U.S.C. § 4.  To decide on a

14  motion to compel arbitration, a court must determine: (1) whether a valid agreement

15  to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute

16  at issue.  *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1017 (9th Cir. 2016).

17  Arbitration is a matter of contract, and the FAA requires courts to honor parties'

18  expectations.  *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 351 (2011).  However,

19  parties may use general contract defenses to invalidate an agreement to arbitrate.

20  *See id.* at 339.  Thus, a court should order arbitration of a dispute only where satisfied

21  neither the agreement's formation nor enforceability or applicability to the dispute is

22  at issue.  *See Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 299–300 (2010).

23  "Where a party contests either or both matters, 'the court' must resolve the

24  disagreement[,]" *id.* (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938,

25  943 (1995)), because a party "cannot be required to submit to arbitration any dispute

26  it has not agreed so to submit." *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th

27  Cir. 2014) (quoting *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S.

28  574, 582 (1960)).  If a valid arbitration agreement encompassing the dispute exists,

                                           3

1   arbitration is mandatory.  *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

2   Under § 3 of the FAA, a court, "upon being satisfied that the issue involved . . . is

3   referable to arbitration, shall on application of one of the parties stay the trial of the

4   action until such arbitration has been [completed] . . . ."  9 U.S.C. § 3.

5          The party seeking to compel arbitration bears the burden of proving by a

6   preponderance of the evidence the existence of an agreement to arbitrate.  *Ashbey v.*

7   *Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015).  In resolving a

8   motion to compel arbitration, "[t]he summary judgment standard [of Federal Rule of

9   Civil Procedure 56] is appropriate because the district court's order compelling

10  arbitration 'is in effect a summary disposition of the issue of whether or not there had

11  been a meeting of the minds on the agreement to arbitrate.'"  *Hansen v. LMB Mortg.*

12  *Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021) (quoting *Par-Knit Mills, Inc. v. Stockbridge*

13  *Fabrics Co.*, 636 F.2d 51, 54 n.9 (3d Cir. 1980)).  Under this standard of review, "[t]he

14  party opposing arbitration receives the benefit of any reasonable doubts and the

15  court draws reasonable inferences in that party's favor, and only when no genuine

16  disputes of material fact surround the arbitration agreement's existence and

17  applicability may the court compel arbitration."  *Smith v. H.F.D. No. 55, Inc.*, No. 2:15-

18  CV-01293-KJM-KJN, 2016 WL 881134, at *4 (E.D. Cal. Mar. 8, 2016).  "A material fact

19  is genuine if 'the evidence is such that a reasonable jury could return a verdict for the

20  nonmoving party.'"  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 500 (9th Cir. 1992)

21  (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Conversely,

22  "[w]here the record taken as a whole could not lead a rational trier of fact to find for

23  the nonmoving party, there is no 'genuine issue for trial.'"  *Id.* (quoting *Matsushita Elec.*

24  *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

25  ////

26  ////

27  ////

28

1   **II.   Analysis**

2          **A.      The Arbitration Agreement Is Enforceable.**

3          Plaintiff does not dispute that the FAA governs the Agreement or that the

4   Agreement covers the claims raised in the Complaint.  (*See* Mot. at 4–6.)  Plaintiff only

5   argues that the Agreement is unconscionable.  (*See* Opp'n at 1–3.)  The Court

6   disagrees.

7          Under California law, unconscionability has a procedural element and a

8   substantive element.  *See OTO, L.L.C. v. Kho*, 8 Cal. 5th 111, 125 (2019); *Iyere v. Wise*

9   *Auto Grp.*, 87 Cal. App. 5th 747, 759 (2023), *review denied* (Apr. 26, 2023).  The

10  procedural element addresses the circumstances of contract negotiation and

11  formation, focusing on oppression and surprise due to unequal bargaining power,

12  while the substantive element pertains to the fairness of an agreement's actual terms

13  and whether they are overly harsh or one-sided.  *OTO, L.L.C.*, 8 Cal. 5th at 125; *Iyere*,

14  87 Cal. App. 5th at 759.  While both the procedural and substantive elements must be

15  present to establish unconscionability, they need not be present in the same degree;

16  the more one element is present, the less present the other element needs to be.  See

17  *OTO, L.L.C.*, 8 Cal. 5th at 125–26; *Iyere*, 87 Cal. App. 5th at 759.

18                  **1.      Procedural Unconscionability**

19         Procedurally, Plaintiff argues that the Agreement is unconscionable as an

20  adhesive contract presented on a take-it-or-leave-it basis.  (*See* Opp'n at 2 (citing

21  *Szetela v. Discover Bank*, 97 Cal. App. 4th 1094, 1100 (2002)).)  Andy Frain Services

22  argues that Plaintiff's argument is procedurally deficient because Plaintiff provided no

23  facts or declaration to support this assertion.  (*See* Reply at 3.)  However, Andy Frain

24  Services ignores Director Tonoff's Declaration, which clearly indicated that, after an

25  "Individual creates their unique log-in password[,]" that individual "is considered an

26  employee *conditioned upon the competition of the mandatory onboarding documents*

27  *and any required screening*."  (Tonoff Decl. ¶ 3 (emphasis added).)  Director Tonoff

28  further explained that, during the onboarding process, the employee "is also

1   presented with documents to acknowledge and sign, including, among other items,

2   Employment-At-Will And Arbitration Agreement." (*Id.* ¶ 4.)  Therefore, even though

3   Plaintiff failed to provide support for his argument that the Agreement is an adhesive

4   contract, Director Tonoff's Declaration supports Plaintiff's argument and thus

5   establishes that there is "some measure of procedural unconscionability."  *Roman v.*

6   *Superior Ct.*, 172 Cal. App. 4th 1462, 1470 (2009) (citing *Armendariz v. Found. Health*

7   *Psychcare Servs., Inc.*, 24 Cal. 4th 83, 115 (2000); *Little v. Auto Stiegler, Inc.*, 29 Cal. 4th

8   1064, 1071 (2003)).

9          However, courts have repeatedly recognized that an adhesive contract presents

10   only a "low" degree of procedural unconscionability absent additional allegations of

11   surprise and duress or oppression, which are not present here.  *See, e.g.*, *Davis v.*

12   *Kozak*, 53 Cal. App. 5th 897, 907 (2020) (quoting *Serpa v. Cal. Surety Investigations,*

13   *Inc.*, 215 Cal. App. 4th 695, 704 (2013), *as modified* (Apr. 19, 2013), *as modified* (Apr.

14   26, 2013)); *Vigueras v. Red Robin Int'l, Inc.*, No. SA-CV-1701422-JVS-DFM, 2019 WL

15   1425887, at *4 (C.D. Cal. Feb. 21, 2019) (collecting cases).  Plaintiff made no

16   additional allegations of oppression.  *Contrast with OTO, L.L.C.*, 8 Cal. 5th at 126–27.

17   Moreover, the Court is unable to find that the Agreement surprised Plaintiff because

18   the Agreement clearly indicates at the top that it is an "EMPLOYMENT-AT-WILL AND

19   ARBITRATION AGREEMENT[.]"  (Tonoff Decl. Ex. A.)  *Compare with, e.g.*, *Cohen v.*

20   *CBR Sys., Inc.*, 625 F. Supp. 3d 997, 1003 (N.D. Cal. 2022) (noting that the arbitration

21   clause was on the first page of a four-page contract and finding that there was thus

22   only a minimal amount of procedural unconscionability arising from the adhesive

23   nature of the contract).  Furthermore, the Court is unable to find that the Agreement

24   surprised Plaintiff because the Agreement included an additional disclaimer at the

25   end before the signature section.  (Tonoff Decl. Ex. A).  *Compare with, e.g.*, *Cristo v.*

26   *Charles Schwab Corp.*, No. 17-CV-1843-GPC-MDD, 2018 WL 1737544, at *6–7 (S.D.

27   Cal. Apr. 11, 2018) (citing *Serpa*, 215 Cal. App. 4th at 703; *Molina v. Scandinavian*

28   *Designs, Inc.*, No. 13-CV-04256 NC, 2014 WL 1615177, at *7 (N.D. Cal. Apr. 21, 2014))

1   (finding that, although the font size was tiny, it was similar to the size of the font for the

2   rest of the agreement and that there was a bolded arbitration provision located right

3   above the signature line of the application, therefore concluding that there was only a

4   minimal amount of procedural unconscionability arising from the adhesive nature of

5   the contract).

6      Therefore, Plaintiff only establishes a "low" amount of procedural

7   unconscionability that arises solely from the adhesive nature of the contract.  *See, e.g.*,

8   *Dhaliwal v. Ace Hardware Corp.*, No. 2:22-CV-00446-DAD-KJN, 2023 WL 2555471, at

9   *6–7 (E.D. Cal. Mar. 17, 2023) (finding only a "slight degree of procedural

10  unconscionability" where the agreement was adhesive, failed to attach the

11  incorporated rules, was two pages long, clearly labeled "ARBITRATION" and included

12  a disclosure at the end by the signature line (citation omitted)).

13          **2.      Substantive Unconscionability**

14     Because Plaintiff made no additional arguments regarding the procedural

15  unconscionability of the Agreement, the Court must find a corresponding high

16  amount of substantive unconscionability to find the contract is unconscionable overall

17  and thus unenforceable.  *See OTO, L.L.C.*, 8 Cal. 5th at 130 (quoting *Carmona v.*

18  *Lincoln Millennium Car Wash, Inc.*, 226 Cal. App. 4th 74, 85 (2014)).  Plaintiff does not

19  meet this burden.  *See Armendariz*, 24 Cal. 4th at 102–03.

20     As an initial matter, the Court notes that Andy Frain appears to have copied

21  from the arbitration agreement that was challenged in *Little*, 29 Cal. 4th at 1069–70,

22  1073–76, except for a "one-sided arbitration appeal" clause that the California

23  Supreme Court held was substantively unconscionable.  The California Supreme Court

24  found that the agreement was only procedurally unconscionable to the extent the

25  contract was adhesive.  Therefore, Plaintiff faces an uphill battle in establishing the

26  substantive unconscionability of the arbitration agreement.

27     California courts "often look to whether the [arbitration] agreement meets a

28  minimum level of fairness based on the factors set forth in *Armendariz*."  *Davis*, 53 Cal.

App. 5th at 910 (citing *Wherry v. Award, Inc.*, 192 Cal. App. 4th 1242, 1248 (2011));

*see, e.g.*, *Murrey v. Superior Ct.*, 87 Cal. App. 5th 1223, 1248 (2023).  Courts look to

whether the agreement: (1) provides for neutral arbitrators, (2) provides for more than

minimal discovery, (3) requires a written award that permits limited judicial review,

(4) provides for all of the types of relief that would otherwise be available in court, and

(5) requires the employer to pay the arbitrator's fees and costs unique to arbitration.

*Murrey*, 87 Cal. App. 5th at 1248 (citing *Armendariz*, 24 Cal. 4th at 102–03).

Elimination of or interference with any of these basic provisions makes an arbitration

agreement substantively unconscionable.  *Wherry*, 192 Cal. App. 4th at 1248.

   Plaintiff contends that the Agreement fails on all five factors courts consider

under *Armendariz*.  (*See* Opp'n at 2–3.)  However, as Andy Frain Services notes, most

of Plaintiff's arguments fail because Plaintiff failed to recognize that the Agreement

incorporated the rules of the California Arbitration Act ("CAA"), codified at California

Code of Civil Procedure section 1280, *et. seq.*, which provide relevant default or

backstop rules to fill in the absences about which Plaintiff complains.  (*See* Reply at 1–

3.)

   For instance, although Plaintiff complains that there is no way to designate an

arbitrator and that, theoretically, Andy Frain Services could continually hold out to

prevent any arbitrator from being selected by mutual agreement (*see* Opp'n at 2), the

CAA provides that, should the method agreed to by the parties fail for whatever

reason, upon petition by a party, a court may appoint a neutral arbitrator, and

provides the steps for so doing.  *See* Cal. Civ. Proc. Code § 1281.6.  Plaintiff also

ignores the fact that the Agreement includes both the mandatory and discretionary

discovery procedures provided for in the CAA.  (*See* Reply at 2; Tonoff Decl. Ex. A

("Both I and the Company agree that any claim . . . shall be submitted to and

determined by binding arbitration under the [FAA], in conformity with the procedures

of the [CAA] . . . including section 1283.05 and all of the Act's other mandatory and

permissive rights to discovery[ ].").)  The CAA also provides for a right of appeal.  (*See*

1   Reply at 3.)  *See* Cal. Civ. Proc. Code §§ 1294(b)–(d); 1294.2.  And the CAA has

2   provisions on awarding costs and avoiding fees.  (*See* Reply at 3.)  *See* Cal. Civ. Proc.

3   Code §§ 1281.97–1281.99.  *See Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1268

4   (9th Cir. 2017) (noting that where a clause was consistent with the relevant CAA

5   provisions, it was not substantively unconscionable).

6          Plaintiff's only potential remaining argument is that the Agreement is

7   substantively unconscionable because it does not provide for all types of relief.  (*See*

8   Opp'n at 3.)  Plaintiff's real concern, however, appears to be a conflict-of-law issue that

9   California's law might not apply because Andy Frain Services is domiciled in Illinois,

10  where it is incorporated and the principal place of business is located.  (*See* Reply at

11  2–3 (quoting *id.*); *also* Mot. at 1–2 (explaining that Andy Frain Services is domiciled in

12  Illinois and that Cohesive is domiciled in Florida).)  Plaintiff's concern is overstated.

13  The Agreement states that it will resolve the dispute based on the law governing the

14  claims and defenses pleaded.  (*See* Tonoff Decl. Ex. A.)  Because the Agreement was

15  drafted in California and substantially performed in California, California law should

16  potentially govern any claim arising from the Agreement.  *See* Cal. Civ. Code § 1646

17  (indicating that contracts are to be interpreted according to the law and usage of the

18  place of performance or the place where the contract was made); *Washington Mut.*

19  *Bank, FA v. Superior Ct.*, 24 Cal. 4th 906, 919–21 (2001) (discussing California's

20  governmental-interest test for conflict of law issues where a choice-of-law provision

21  does not govern and that would dictate California law apply if it were the forum state).

22         For the above-stated reasons, the Court finds that the Agreement does not

23  "eliminat[e] [ ] or interfere[ ] with any of the[ ] basic provisions" that establish the

24  minimum level of fairness for mandatory employment arbitration agreements under

25  *Armendariz*.  *Wherry*, 192 Cal. App. 4th at 1248.  Thus, the Agreement is not

26  substantively unconscionable, only has a minimal amount of procedural

27  unconscionability as a contract of adhesion, and is not overall unconscionable,

28  therefore making the Agreement enforceable.  Accordingly, the Court GRANTS Andy

9

1  Frain Services's Motion and ORDERS that Plaintiff is compelled to arbitrate his

2  individual claims against Andy Frain Services.

3          However, Andy Frain Services also asked that the Court compel arbitration of

4  Plaintiff's claims against Cohesive, arguing that the Agreement applies to all named

5  Defendants, which Plaintiff did not contest.  (*See* Reply 4 (citing *Thomas v. Westlake*,

6  204 Cal. App. 4th 605, 614–15 (2012)).)  Normally, only the parties to the arbitration

7  agreement can enforce it, *see* Cal. Code Civ. Proc. § 1281.2, but an exception exists

8  where a plaintiff alleges that a defendant acted as an agent of a party to the

9  agreement, *see, e.g.*, *Thomas*, 204 Cal. App. 4th at 614 (collecting cases)).  Here,

10  Plaintiff alleges that "each of the Defendants was the agent or employee of the other

11  defendants and acted in the scope of agency or employment."  (Compl. ¶ 5.)

12  Moreover, Plaintiff brought each cause of action "[a]gainst [a]ll Defendants[.]"  (*Id.*

13  ¶¶ 23, 29, 34, 38, 44, 49, 52, 55.)  Thus, Cohesive falls within the exception and may

14  enforce the arbitration clause against Plaintiff.  *See Thomas*, 204 Cal. App. 4th at 614–

15  15.

16          Accordingly, all of Plaintiff's individual claims are subject to arbitration.

17     **B.     Disposing of the Class, Collective, or Representative Claims.**

18          Andy Frain Services requests that the Court dismiss the remainder of Plaintiff's

19  claims, and Plaintiff does not object to dismissal.  (*See* Reply 4.)  The Ninth Circuit has

20  held that a district court has the discretion to stay or dismiss a plaintiff's claims where

21  all of the relevant claims are subject to arbitration.  *See Sparling v. Hoffman Const. Co.*,

22  864 F.2d 635, 638 (9th Cir. 1988) (citing *Martin Marietta Aluminum, Inc. v. Gen. Elec.*

23  *Co.*, 586 F.2d 143, 147–48 (9th Cir. 1978)).  The Court has already found that Plaintiff's

24  individual claims are subject to arbitration.  That leaves open the question of how to

25  handle Plaintiff's representative, class, and collective claims, and the Court cannot

26  grant Andy Frain Services's request until it finds that the class or representative claims

27  are also subject to arbitration or have been waived.  The Court finds that the

28

1   Agreement does not permit arbitration of the class or representative claims but

2   instead includes an enforceable waiver of those claims.

3       The Agreement states that: (1) the Parties "agree to utilize binding individual

4   arbitration[,]" (2) that "any claims brought under this binding arbitration Agreement

5   shall be brought in the individual capacity of" the Parties and "shall not be construed

6   to allow or permit the consolidation or joinder of other claims or controversies

7   involving any other employees or parties, or permit such claims or controversies to

8   proceed as a class or collective action[,]" and (3) that "[u]nder no circumstances shall

9   this Agreement be construed to allow arbitration on a class, collective, or other similar

10  basis." (Tonoff Decl. Ex. A.) That is clear language that the Agreement does not

11  permit arbitration of class, collective, or representative actions. *See Lamps Plus, Inc. v.*

12  *Varela*, 587 U.S. ----, 139 S. Ct. 1407, 1417 (2019) ("Neither silence nor ambiguity

13  provides a sufficient basis for concluding that parties to an arbitration agreement

14  agreed to undermine the central benefits of arbitration itself.").

15      Further, the Agreement states that Plaintiff "waive[d] any substantive or

16  procedural right that [he] may have to bring or participate in an action brought on a

17  class or collective basis." (Tonoff Decl. Ex. A.) As the California and U.S. Supreme

18  Courts have recognized, class action or representative action waivers like the one

19  above are enforceable. *See Concepcion*, 563 U.S. at 351; *Iskanian v. CLS Trans. Los*

20  *Angeles, LLC*, 59 Cal. 4th 348, 366 (2014), *abrogated by Viking River Cruises, Inc. v.*

21  *Moriana*, 596 U.S. 639 (2022). And several courts in the Eastern District have enforced

22  class action waivers that are similarly broad and vague as the one here. *See, e.g.*,

23  *Prostek v. Lincare, Inc.*, 662 F. Supp. 3d 1100, 1107, 1122 (E.D. Cal. Mar. 21, 2023)

24  (enforcing an unchallenged class action waiver that stated that "[t]he Parties expressly

25  waive any right to submit, initiate or participate in any class, collective, representative,

26  or joint action involving any employee . . . "); *Dhaliwal*, 2023 WL 2555471, at *2, 9

27  (enforcing a challenged representative and class action waiver by dismissing the

28  putative class claims and staying the proceedings regarding the representative claims

1  under California's Private Attorney General Act).; *Ruiz v. Conduent Com. Sols., LLC*,

2  No. 1:21-CV-1555-JLT-CDB, 2023 WL 3379300, at *2, 12 (E.D. Cal. May 11, 2023)

3  (enforcing an unopposed representative and class action waiver that stated that,

4  excluding disputes and cases asserted before the effective date of the agreement,

5  "neither an Employee nor the Company may initiate or participate in a Dispute on a

6  class, collective, or consolidated basis, or in a representative capacity on behalf of

7  other persons or entities that are claimed to be similarly situated.").

8       Therefore, the Court finds that Plaintiff's class action or collective claims should

9  be dismissed because of the valid waiver in the Agreement.  Thus, Plaintiff's only

10  claims are the individual claims that are subject to arbitration.  As a result, the Court

11  GRANTS Andy Frain Services's motion to arbitrate and dismiss rather than arbitrate

12  and stay because "[a]n order compelling arbitration and staying the action isn't

13  immediately appealable, but an order compelling arbitration and dismissing the

14  action is." *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1073 (9th Cir.

15  2014) (citing 9 U.S.C. § 16(a)(3), (b)(1)–(2); *Green Tree Fin. Corp. – Alabama v.*

16  *Randolph*, 531 U.S. 79, 87 n.2, 89 (2000)).

17                                    **CONCLUSION**

18       For the reasons set forth above, the Court GRANTS Andy Frain Services, Inc.'s

19  Motion to Compel Arbitration and Stay Proceedings Pending Arbitration (ECF No. 3).

20  The Court hereby ORDERS that Plaintiff is compelled to arbitrate his individual claims

21  against Andy Frain Services, Inc. and Cohesive Networks 2, Inc.  Further, the Court

22  DISMISSES Plaintiff's remaining claims under the Complaint (ECF No. 1).  The Clerk of

23  the Court is directed to close this case.

24

25       IT IS SO ORDERED.

26  Dated:   **March 19, 2024**

27                                    Hon. Daniel J. Calabretta
                                      UNITED STATES DISTRICT JUDGE

28